# In The Court Of Appeals the state of Texas Fifth Court of Appeals 600 Commerce Street, suite 200 Dallas, Texas

RE: Case NO.05-14-01303-CV

FILED IN
Court of Appeals

FEB 1 7 2015

Lisa Matz
Clerk, 5th District

John Williams

Appellant/ plaintiff/ prose

V.

Dart Transit

Defendant

## Appellant Brief

Into Court comes now appellant and files this brief and shows the following in support therefor:

## Introduction

Appellant is suing Defendant for personal injuries that arose from being struck by a biker after exiting Defendant's Green Line train at Victory Station in Dallas, Dallas County Texas.

Plaintiff's Original petition.

Williams. J.V. Dart Transit page 1 of 12

[Date]          1

# In The Court Of Appeals the State Of Texas

## Fifth Court of Appeals 600 Commerce Street, suite 200

## Dallas, Texas 75202

RE:   Case NO.05-14-01303-CV
_____

Trial Court appealed from County Court at Law No.2 location on the fifth floor

Trial Court Case NO. CC-14-00720-B

_____

## Parties Involved:
_____

Appellant / plaintiff / prose

   John E. Williams

5108 Brentwood stair road

Fort Worth, Texas 76112

Ph.682-240-4618 or 682-999-1039

Jewilliams676@gmail.com

Defendant

Dart Transit System

1401 Pacific Avenue

Dallas, Texas 75266-7255

Counsel Joycell Hollins

fax 214-749-3660 ph. 214-749-3088

jhollins@dart.org

# Statement of the case:

Case NO. 05-14-01303-CV

RE: _____

## For the record.

This action is taken against Dart Transit for negligence, and premises liability due to the alleged defect that proximately caused appellant's injuries. Appellant's complaint is that Dart Transit has failed to warn, or reduce risk for their boarding and exiting passengers by posting warning signs eliminating, roller blading, skating, skate boarding, horse playing, and bike riding near, and or around the platform where passengers may board and exit the train; therefore, I was struck by an adult bike rider racing top speed on a packed platform of people, and I was thrown into a parked train and suffered injuries due to the lack of warning signs.

# Summary of the argument:

Texas Courts have consistently required a nexus between the condition, or use of property and injury. In plaintiff's plea to the trial court did, in fact establish a nexus between the plaintiff's injuries and the condition of defendant Dart's property. Defendant motion of jurisdiction was ruled favored under Tex.Civ.Prac. & rem. Code section 101.021(2) of a governmental entity and a major subdivision of Texas created by the Texas Transportation code, and should be entitled to all governmental immunity, and all types of funding. Unless, State waived. Governmental functions are imposed on a city by law as part of the State's sovereignty in interest of the general public (1) involving for providing for health, (2) involving for providing for safety, and welfare for the general public. Governmental functions involves; policeman, fireman protection, health, sanitation services, parks, zoos, zoning, and animal control see Tex.Civ.Prac.& Rem. Code section 101.0215(a). The court must look at the full terms of the act to fairly divide the scope of the waiver.

# INDEX OF AUTHORITIES

Governmental Functions:

Texas. Civ.Prac. & Rem. Code section 101.0215(b) It is important to note that the list of 36 governmental functions is excursive, while the list of proprietary functions is not this means that, for the purposes of the act, only these 36 specifically enumerated activities are considered governmental functions. Conversely, even though the statue list three activities as "proprietary functions the reality is that, for the purposes of the act, any activity that the city engages in that is not listed as a governmental function is considered proprietary in nature. If a proprietary function is involved, and liability is established there is no limit to the amount of damages that may be awarded. Governmental Functions are those functions that are imposed on a city by law and are given to the city by the state, as part of the state's sovereignty, to be exercised by the city in the interest of the general public.(1) governmental functions involve providing for health, safety, and welfare of the general public. Examples of governmental functions include (1) policemen women, and fire men women fire protection, health, and sanitation, services, parks, zoos, zoning, and animal control. TEX.Civ.Prac.& Rem. Code.101.0215(a)

# Issues Presented

Plaintiff was a passenger on the Dart train (green line) at the time the incident accident injury occurred. Plaintiff was on defendant Dart premises a public transportation bus, and train station for the mutual benefit of being transported from one place to the next on a "public transportation operated facility as a paying customer, and passenger at the time of the injury. Defendant owed plaintiff a duty to exercise ordinary care to keep the premises in reasonably safe condition, such as inspect the premises to discover lost, or left behind items suspect items, latent, defects, and generally make public area safe for travelers, or give an adequate warning of any type of danger regarding Dart's premises with posted warning signs necessary.

(Article 1196) Where in all suits brought by or against any of the counties or incorporated cities, towns, or villages shall be by or against it in its corporate name. Defendant's conduct, and that of its agents, servants, and all employees acting within the scope of their employment, constituted a major breach of the duty of ordinary care owed by defendant (Dart) knew, or should have known that this unsafe condition could cause an unreasonable risk of harm to its customers/passengers, that aboard, and exit trains specify e.g., defendant (Dart) knew ,or should have known that this unsafe condition could cause an unreasonable risk of harm to its customers/ passengers, such as the plaintiff who would exit the train Dart's green line at victory station at the American airline center without knowledge of an adult bike rider racing along on the platform where passengers do about, and exit the train near the train doors, and did in fact strike the plaintiff while he was exiting the train at Darts' Victory station American Airline Center. Defendant failed to exercise ordinary care to try to reduce, or totally eliminate this risk, or warn

passengers aboard regarding it in that defendant negligently did not post the proper signs stating no, roller blading, skating, skate boarding, horse playing around, and no bike riding near and around the area of the platform where passengers may board, and exit trains.

(Article 1197) 1201.Where in suits for recovery or personal property debts or damages, and suits for title or for the possession of lands, or for any right attached to or growing out of the same, or for any injury or damages done thereto, may be instituted by executors, administrators or guardians. Petitioner's injuries took place in the following manner as Plaintiff exited the (Green line) Train at Victory Station at American Airlines center on10-18-2013 at around 6:53pm as the doors of the train opened up plaintiff a passenger aboard the train exited the train, and turned to the left, and took two steps southward before I was run over by an adult bike that was racing southward coming full speed from the north just behind the plaintiff, and did in fact hit the plaintiff at full force to the upper left leg where plaintiff suffered an inward deep grown strained due to the untimely incident accident, and pushing the plaintiff into the train the plaintiff lost his big blue bag that had his leather coat in it the impact from the biker caused the blue bag to be thrown under the train the blue bag was on the plaintiff's back before he was hit, and dizzy from the sudden impact, after coming to his scenes the plaintiff was looking for his blue bag that had gone under the train and almost reached under the train to retrieve the blue bag. Plaintiff soon after checked himself into a local hospital Presbyterian in Denton, Texas where I learned of my condition to my upper left leg I received a pair of leg supports. On the 24th day of October, 2013 I contacted Dart and reported what happened. On the 26th day of November 2013 I rechecked myself into (JPS) hospital in Fort Worth Texas where plaintiff resides. Plaintiff's meds were refilled, and I received a cane to help support my balance, stand, and walk normally.

# Basis of appellate Jurisdiction

Hereby, immunity under the tort claims act in 1969. Texas legislature enacted the Texas tort claims act that waived sovereign immunity for a governmental unit the state is liable for. (1) Property damage. (2) Personal injury. (3) Death. Personal injury and death so caused by a condition or use of tangible personal or property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Proprietary functions are those functions that a city may perform in its discretion, and the functions are performed to serve the interests of the inhabitants of the city. Examples of proprietary functions include (1) Operation. (2). Maintenance of a public utility or amusements owned and operated by a city. TEX.Civ.Prac.Rem.Code section 101.0215(b). under state law, the distinction between governmental and proprietary functions is significant because the city's liability for governmental function exists only to extent that it has been waived under the act, however, for proprietary functions, the city is liable to the same extent as a private entity or individual. Furthermore, if a claim arises from an ordinary premises defect, " the governmental unit owes the claimant only the duty that a private person owes a licensee on private property, unless the claimant pays for the use of the premises. Id at section 101.022(a).

Plaintiff has established a waiver of immunity based on premises liability. Dart claims to be a governmental entity, and political subdivision of the State of Texas, under chapter 452 of the Texas Transportation code and entitled to governmental immunity unless specifically waived by statues. The court must look at the full terms of the Act to determine the scope of waiver. Id. Under section 101.021(2) of the Act, a governmental unit.

Williams. J.V. Dart Transit page 8 of 12

[Date]    3

# Effective date for appellant purpose

1. Where in the judgment granting defendant plea to the jurisdiction is was signed October 3, 2014.

2. The notice of appeals was served and filed on October the 10th day of 2014 from the county at law NO.2 5th floor trial court case number CC-14-00720-B this cases was dismissed with prejudice. Liberty Mutual Ins. Co. v. Sharp. 874 S.W.2d 736, 737 TEX. App- Austin 1994, denied.

# Relief Statement

Wherefore, premises considered appellant seeks to move this court in its reasonable state of law and do ask the form of relief due the plaintiff be in the full amount allotted in the court of law. I seek damages of $ 500,000. Which is half million, and the necessary signs be posted for the safety of all passengers/ customers, local or out of state travelers. Defendant has been in operation for well over 30 years in transportation as a service inside the city of greater Dallas Texas also a municipality by definition.

Respectfully submitted,

# Conclusion served by mail

John E. Williams

5108 Brentwood Stair road

Apt 106 Fort Worth Texas761112

Ph. 682-240-4618

682-999-1039

E-mail jewilliams676@gmail.com

Joycell Hollins

legal department bar# 24004493

1401 Pacific avenue 1st floor

ph.214-749-3052 fax 214-749-0281

E-mail  jhollins@dart.org

I hereby certify that I caused a copy of the foregoing to be served by via mail on defendant Dart transit

# *INDEX*

(1) Appellant brief.
(2) Identity parties
(3) Statement of case
(4) Summary of argument
(5) Index of authorities
(6) Issues presented
(7)
(8) Basis of appellate jurisdiction
(9) Effective date appellate purpose
(10)                                                    Relief statement.
(11)                                                    Served on by mail
(12)                                                    Index.